ORIGINAL

FILED

SEP - 3 2015

U.S. COURT OF
FEDERAL CLAIMS

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT LEE MANNING, JR.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant,

Case No. 15-884 C
Judge Charles F. Lettow

## UNITED STATES' RESPONSE IN OPPOSITION
## TO MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOHN FARGO
Director

Of Counsel:
GARY L. HAUSKEN
U.S. Department of Justice

BENJAMIN S. RICHARDS
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone:     (202) 353-0522
Facsimile:     (202) 307-0345

September 3, 2015

Attorneys for the United States

## Table of Contents

Introduction ............................................................................................................... 1

Statement of Facts .................................................................................................... 1

Argument .................................................................................................................. 4

I.    Plaintiff's Motion to Proceed *in Forma Pauperis* Must be Denied and his Complaint Dismissed Because its Allegations are Factually Frivolous. .............................. 5

II.    Plaintiff's Motion to Proceed *in Forma Pauperis* Must be Denied and his Complaint Dismissed Because it Fails to State a Claim Upon Which Relief Can be Granted. ........... 7

    A.    Manning Cannot Represent his Corporation. .............................................. 7

    B.    Plaintiff's First and Second Cause of Action Fail to Identify the Asserted Patents or Patent Applications. ................................................................ 7

    C.    The Third Cause of Action is Outside this Court's Jurisdiction. ................ 9

    D.    Manning's Remaining Allegations Fail to State a Claim within the Court's Jurisdiction. ........................................................................................... 10

Conclusion .............................................................................................................. 11

## Table of Authorities

### Federal Cases

*Colida v. Panasonic Corp. of N. Am.*,
   374 Fed. Appx. 37 (Fed. Cir. 2010)................................................................ 5

*Denton v. Hernandez*,
   504 U.S. 25 (1992)................................................................................ 5, 6

*Jones v. United States*,
   No. 15-806C, 2015 WL 4760026 (Fed. Cl. Aug. 12, 2015) ................................ 6

*LeBlanc v. United States*,
   50 F.3d 1025 (Fed. Cir. 1995)...................................................................... 10

*Neitzke v. Williams*,
   490 U.S. 319 (1989)...................................................................................... 6

*Parker v. Microsoft Corp.*,
   212 Fed. Appx. 993 (Fed. Cir. 2007)............................................................. 5

*Searles v. United States*,
   88 Fed. Cl. 801 (Fed. Cl. 2009) .................................................................... 11

*Zoltek v. United States*,
   672 F.3d 1309 (Fed. Cir. 2012)..................................................................... 11

### Federal Statutes

28 U.S.C. § 1338 (2012) ........................................................................................ 1

28 U.S.C. § 1491 (2012) ...................................................................................... 11

28 U.S.C. § 1498 (2012) ........................................................................... 1, 7, 9, 10

28 U.S.C. § 1915 (2012) .............................................................................. passim

35 U.S.C. § 111 (2012) ........................................................................................... 4

35 U.S.C. § 122 (2012) ........................................................................................... 8

35 U.S.C. § 181 (2012) ............................................................................... 1, 7, 8, 9

35 U.S.C. § 183 (2012) ............................................................................. 3, 8, 9, 10

35 U.S.C. § 184 (2012) ........................................................................................... 4

35 U.S.C. § 267 (2012) ........................................................................................... 1

35 U.S.C. § 271 (2012) ........................................................................................... 1

American Inventors Protection Act of 1999,
    Pub. L. No. 106-113, § 4001 et seq., 113 Stat. 1501 (1999) .............................. 1

Civil Rights Act of 1968,
    Pub. L. No. 90-284, 82 Stat. 73 (1968) ................................................... 1, 10, 11

Leahy-Smith America Invents Act,
    Pub. L. No. 112-29, § 3, 125 Stat. 284 (2011) ............................................ 1, 10

Prison Litigation Reform Act,
    Pub. L. No. 104-134, § 804, 110 Stat. 1321 (1996) ............................................ 5

U.S. Patent Act of 1952,
    Pub. L. No. 82-593, 66 Stat. 792 (1952) .................................................... 1, 10

**State Statutes**

California Business and Professions Code § 17200 ....................................... 1, 10

**Rules**

Court of Federal Claims Rule 12 (2015) ............................................................... 1

Court of Federal Claims Rule 83.1 (2015) ........................................................... 7

**Other Authorities**

MPEP § 115 (1014) ............................................................................................... 8

MPEP § 115 (2014) ............................................................................................... 4

MPEP § 120 (2014) ............................................................................................... 8

MPEP § 1302.03 (2014) ........................................................................................ 8

United Nation's Universal Declaration on Human Rights of 1948,
    G.A. Res. 217A (III), U.N. Doc. A/810 (Dec. 10, 1948) ............................... 1, 9

**Constitutional Provisions**

U.S. Const. amend. V ...................................................................................... 1, 10

U.S. Const. amend. XIV .................................................................................. 1, 10

U.S. Const. art. I, § 8, cl. 8 ................................................................................... 1

## INTRODUCTION

The United States requests that this Court deny Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* of Robert Lee Manning, Jr. and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2), Court of Federal Claims Rules (RCFC) 12(b)(1) and 12(b)(6) because the action is frivolous, the Complaint fails to state a claim on which relief may be granted, and because many of the allegations recited are beyond the subject-matter jurisdiction of this Court. *See* 28 U.S.C. § 1915 (2012) (stating grounds on which a proceeding *in forma pauperis* shall be dismissed); RCFC 12(b) (2015).

## STATEMENT OF FACTS

On August 17, 2015, Plaintiff Robert Lee Manning, Jr. filed a Complaint and a Motion for Leave to Proceed in Forma Pauperis in this Court. Dkt. No. 1 (Compl.) at p. 1 (Aug. 17, 2015). Plaintiff's Complaint includes numerous statutes that he alleges form the basis of the Court's jurisdiction over this matter. Compl. at ¶ 1. They include:

- Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 3, 125 Stat. 284
- U.S. Const. art. I, § 8, cl. 8
- 35 U.S.C. § 267
- 35 U.S.C. § 181
- 28 U.S.C. § 1338(a)
- 28 U.S.C. § 1498(a)
- 35 U.S.C. § 271(a)–(c)
- U.S. Const. amend. V
- American Inventors Protection Act of 1999, Pub. L. 106-113, § 4001 et seq., 113 Stat. 1501
- U.S. Patent Act of 1952, Pub. L. 82-593, 66 Stat. 792
- U.S. Const. amend. XIV
- Civil Rights Act of 1968, Pub. L. No. 90-284, 82 Stat. 73
- California Business and Professions Code § 17200
- Universal Declaration of Human Rights

1

*Id.* In connection with these sources of legal authority, Manning alleges that he and his corporation, NOCH Technological Scientific Research Institute (NOCH), "are engaged in inventing and designing the world's first Interstellar Propulsion spacecraft," which he refers to as both the "Aurora Borealis Launch Vehicle" and the "Photon 137." *Id.* at ¶¶ 4, 10. Any meaningful description of Plaintiff's Aurora Borealis Launch Vehicle is absent from the Complaint. However, to the best of the Government's understanding, Manning alleges that his invention is an interstellar travel vehicle for which he filed a provisional patent application with the USPTO on February 7, 2002.[1] *Id.* at ¶ 11.

In the Complaint at ¶16, Manning suggests that the "Aurora Borealis Launch Vehicle" uses Einstein's "Theory of General Relativity" and the equation "$E=mc^2$" (Einstein's theory of special relativity) as the foundations for an "equation to establish Photon 137's ... escape velocity – out of our solar system and into the EU."

Plaintiff's Complaint also alleges that he created a second invention, which is only referred to vaguely as his "contribution to HAARP known as his 'MLBe' invention coined: 'The Weather Machine.'" *Id.* at ¶ 12. The acronym HAARP (also misspelled by Plaintiff as "HARRP") is never defined in the Complaint, but appears to be a reference to the High Frequency Active Auroral Research Program, a government program that has been the subject of numerous conspiracy theories claiming, *inter alia*, that the HAARP technology is capable of controlling the weather and people's minds. *See, e.g.,* "HAARP conspiracies: Guide to most far-out theories behind government research in Alaska," Alaska Dispatch News (Sept. 20, 2011)

---

[1]    Plaintiff has not provided any additional identifying information for this application that would allow the United States to confirm its existence or review its content. Moreover, counsel for the Government has searched the USPTO's Patent Full-Text and Image Database for applications filed on February 7, 2002 by individuals with the surname Manning and was unable to locate any application matching the description in Plaintiff's Complaint.

(http://www.adn.com/article/haarp-conspiracies-guide-most-far-out-theories-behind-government-research-alaska).  Plaintiff appears to allege that The Weather Machine and the Aurora Borealis Launch Vehicle are separate and distinct inventions.

Plaintiff does not allege ownership of any valid United States patent, nor does he allege that he is the owner of an application for a patent that has been placed in condition for allowance. *See* 35 U.S.C. § 183 (application placed in condition for allowance is a prerequisite for a claim under the Invention Secrecy Act).  In short, Plaintiff's Complaint does not allege ownership of a recognizable property right under the patent laws of the United States.  The closest the Complaint comes to identifying a specific patent application are two references to Patent Cooperation Treaty application numbers.  The first reference to a PCT application is accompanied by a number that does not use the convention of PCT application numbers, i.e., PCT/CCYYYY/999999, where "CC" is the country code and "YYYY" is the year.  *See* Compl. at ¶ 31 ("Plaintiffs would have been the first to file a 'design' patent PCT in the United States had Plaintiffs not been too early, PCT Number: 35001007 ...the defendant (s), United States, themselves, just joined the international patent cooperation treaty this year.").

The second reference to a PCT application appears in Exhibit C, which is a communication from the USPTO showing that Mr. Manning has a now pending PCT application that has been accorded the International application No. PCT/US2015/026268.  Dkt. No. 1-1. The communication goes on to state that "the record copy of the international application has not yet been transmitted to the International Bureau because the necessary national security clearance has not yet been obtained."  Dkt. No. 1-1.  This communication, which is not the equivalent of a notifying letter indicating that a secrecy order has been placed on an application, is a routine communication acknowledging that all incoming PCT applications are screened for

3

national security concerns. *See* MPEP § 115, "Review of Applications for National Security and Property Rights Issues" ("All provisional applications filed under 35 U.S.C. 111(b), nonprovisional applications filed under 35 U.S.C. 111(a), and international applications filed under the PCT, in the U.S. Patent and Trademark Office (USPTO) are reviewed for the purposes of issuance of a foreign filing license pursuant to 35 U.S.C. 184.").

Plaintiff has presented no allegation that either Application No. 35/001,007 or Application No. PCT/US2015/026268 is under secrecy. Rather, he submits information suggesting only that the application is undergoing review. In addition to allegations related to patent infringement and secrecy orders, the Complaint also includes numerous allegations of racially motivated discrimination. *See, e.g.,* Compl. at ¶¶ 29–30, 33. The primary thrust of Plaintiff's allegations in this regard appears to be that the United States has discriminated against Mr. Manning and his corporation by placing a national security hold on his intellectual property and by refusing to compensate him for his intellectual property. Additionally, Plaintiff asserts that, any reference to the "hold" on his intellectual property as being related to national security is fraudulent, and that such holds are racially motivated. *See* Compl. at ¶¶ 25, 33. In his Complaint, Plaintiff alleges that his corporation, NOCH, "is the first black aerospace/Space Corporation to conduct such long awaited work within the United States." Compl. at ¶ 4.

## ARGUMENT

Pursuant to 28 U.S.C. § 1915, any United States court may authorize the commencement of an action without prepayment of fees by a person who submits an affidavit stating that he is

4

unable to pay those fees.  28 U.S.C. § 1915(a)(1).[2]  However, the authority granted in § 1915 is

not unlimited.  Section 1915(e)(2) provides that:

> [T]he court shall dismiss the case at any time if the court determines that—
> …
> (B) the action or appeal—
> > **(i) is frivolous or malicious;**
> > **(ii) fails to state a claim on which relief may be granted**; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added).  Here, Plaintiff's motion to proceed *in forma pauperis*

implicates § 1915(e)(2)(B)(i) and § 1915(e)(2)(B)(ii) because his Complaint is factually

frivolous, and because his Complaint fails to state a claim upon which relief can be granted.

Additionally, the Complaint raises claims that are beyond the jurisdiction of the Court of Federal

Claims.

I.      **Plaintiff's Motion to Proceed *in Forma Pauperis* Must be Denied and his Complaint Dismissed Because its Allegations are Factually Frivolous.**

In determining whether to dismiss a complaint filed *in forma pauperis* as frivolous,

§ 1915 "gives courts the authority to 'pierce the veil of the complaint's factual allegations.'"

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992)[3] (quoting *Neitzke v. Williams*, 490 U.S. 319, 325

---

[2]      On its face, the authority to waive fees in 28 U.S.C. § 1915 applies only to fees of confined prisoners.  *See* 28 U.S.C. §§ 1915(a)(1) & (2) and (b)(1) & (2) (all identifying "the prisoner" as the person whose fees may be waived).  It is unnecessary at this juncture to decide whether to non-prisoners such as Mr. Manning *could be granted in forma pauperis* status because the Federal Circuit has applied at least the dismissal provisions of 28 U.S.C. § 1915 to plaintiffs who were not prisoners.  *See Colida v. Panasonic Corp. of N. Am.*, 374 Fed. Appx. 37 (Fed. Cir. 2010).  And, earlier versions of the statute referred broadly to "any person."

[3]      *Denton* specifically addressed a version of the *in forma pauperis* statute that has since been amended by the Prison Litigation Reform Act, which re-designated § 1915(d) as § 1915(e), among other things.  *See* Pub. L. No. 104-134, § 804, 110 Stat. 1321 (1996).  The Prison Litigation Reform Act did not alter the standard for factual frivolity, and the standard enunciated in *Denton* remains controlling today.  *See Parker v. Microsoft Corp.*, 212 Fed. Appx. 993 (Fed. Cir. 2007) (citing *Denton* for standard of frivolity).

(1989)).  As such, courts are not bound to accept the truth of the plaintiff's allegations without question.  *Denton*, 504 U.S. at 32.  Instead, the court must review the complaint to determine if the facts it alleges are "clearly baseless."  *Id.* at 32–33.  In this context, "clearly baseless" facts are broader than mere clearly erroneous factual assertions and include "allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id.*  Put differently, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.  "The court may not, however, dismiss a complaint merely because the allegations are found to be 'improbable' or 'unlikely.'"  *Jones v. United States*, No. 15-806C, 2015 WL 4760026, at *2 (Fed. Cl. Aug. 12, 2015) (citing *Denton*, 504 U.S. at 33).

Much of Plaintiff's Complaint is devoted to vague and unsupported allegations that the Government has stolen his intellectual property.  However, Plaintiff's Complaint fails to identify what intellectual property rights were allegedly "stolen" and indeed fails to identify his alleged intellectual property rights with reasonable specificity.  As a result, Plaintiff's Complaint rests on a number of vague and rambling assertions about his "Aurora Borealis Launch Vehicle," and "The Weather Machine"; alleged attempts to kill him and alleged corruption.  *See, e.g.*, Compl. ¶¶ 10, 12, 16.  The absence of any technical description of these inventions, coupled with the fantastic claims regarding their capabilities—interstellar travel and weather control—strongly supports the conclusion that they are fanciful creations more closely related to the realm of science fiction than colorable fact.  While the Government is cognizant of the fact that the bar for measuring whether factual allegations are frivolous is a low one, here, where Plaintiff's allegations of an interstellar travel vehicle and a weather control device are devoid of any

supporting evidence, a finding of frivolity is appropriate, along with a corresponding dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

II.     **Plaintiff's Motion to Proceed *in Forma Pauperis* Must be Denied and his Complaint Dismissed Because it Fails to State a Claim Upon Which Relief Can be Granted.**

Even if the Court determines that the factual allegations in Plaintiff's Complaint are not frivolous, it should nonetheless dismiss the Complaint for failure to state a claim upon which relief can be granted.

A.     **Manning Cannot Represent his Corporation.**

As provided in RCFC 83.1, Manning cannot represent NOCH Technological Scientific Research Institute, Inc. (NOCH).  NOCH can only prosecute any claim it may have if it is represented by an attorney.  *Id.*  As a consequence, NOCH's claims must be dismissed.

B.     **Plaintiff's First and Second Cause of Action Fail to Identify the Asserted Patents or Patent Applications.**

Plaintiff's first cause of action is titled "Fraud," but the facts and statutes pled therein most closely resemble claims under 35 U.S.C. § 181, and 28 U.S.C. § 1498(a).  Compl. ¶¶ 24–26.  However, 28 U.S.C. § 1498 (a), is inapplicable here because Plaintiff has not alleged ownership of a valid United States patent.  By its own terms, § 1498(a) is limited to claims involving "an invention described in and covered by a patent of the United States."  28 U.S.C. § 1498(a).  Here, where Plaintiff has not claimed ownership of a United States patent, no relief can be granted under § 1498(a).

Plaintiff claims that the Government is using two inventions on which he has patents:  the Aurora Borealis Launch Vehicle/Photon 137 and The Weather Machine.  Manning does not allege, and the Government is not aware of, any United States Patent issued to Mr. Manning, let

7

alone a patent on either of these fantastical devices. While Plaintiff asserts that he filed a provisional patent application for one of these alleged inventions, the Government has been unable to identify a corresponding application in the public databases.[4]

Section 181, on the other hand, lays out the process by which the Commissioner of Patents may place an application for a patent under secrecy and prevent the publication of that application or the issuance of a patent from that application. 35 U.S.C. § 181; *see also* MPEP §§ 115, 120 (describing procedure for screening applications and applying secrecy orders). The civil action for damage caused secrecy orders issued under 35 U.S.C. § 181 is created by 35 U.S.C. § 183. Section 183 describes two basic avenues to recovery for an applicant whose application was placed under secrecy. 35 U.S.C. § 183. Under the first avenue, the applicant may file an administrative claim for compensation with the cognizant government department or agency. *Id.* An applicant who pursues this avenue may file suit either in district court or the Court of Federal Claims as soon as he is notified that his application, but for the secrecy order, is "in condition for allowance." *Id.* Under the second avenue, an applicant may forgo filing an administrative claim but then may only file suit in Court of Federal Claims *after* the patent has issued. *Id.* As discussed above, Manning has not alleged that he has an issued patent, nor can one be located in the public record. Thus, the second avenue is not open to him.

The first avenue requires that the application be "in condition for allowance." 35 U.S.C. § 183. An application is considered to be in condition for allowance when the Patent and Trademark Office issues a document called a "Notice of Allowability." *See* MPEP § 1302.03 ("A Notice of Allowability form PTOL-37 is used whenever an application has been placed in

---

[4]      Pursuant to 35 U.S.C. § 122, utility patent applications are held in confidence for the first 18 months after filing. At the end of the 18 month period the application and the file history are published, unless an exception applies. One such exception is 35 U.S.C. § 181.

condition for allowance."). But, the Government is not aware of any secrecy order being placed on any application owned by Manning, and Manning does not identify any such secrecy order. In the absence of an issued patent or a notice of allowability Mr. Manning cannot state a claim for compensation under § 183. Accordingly, the first cause of action must be dismissed.

Plaintiff's second cause of action is titled "Intellectual Property Infringement," and consists of generalized accusations that the United States has stolen his intellectual property with respect to the "Aurora Borealis Launch Vehicle." *See* Compl. at ¶¶ 27–31. As with his first cause of action, Plaintiff does not allege ownership of a valid U.S. Patent required for a claim under § 181 or § 1498, nor does he identify any pending application that has been placed in condition for allowance as required for § 181. Thus, for the same reasons stated with respect to the first cause of action, the second cause of action should also be dismissed for failure to state a claim upon which relief can granted.

### C.    The Third Cause of Action is Outside this Court's Jurisdiction.

Plaintiff's third cause of action is titled, "Discrimination," and consists of allegations that the United States exercised the power granted by 35 U.S.C. § 181 in a racially discriminatory manner. While no legal basis is stated for the "discrimination" claim, logically it must arise under the Due Process Clause of the Fifth Amendment. Plaintiff also attempts to invoke the Equal Protection and Due Process Clauses of the Fourteenth Amendment and United Nation's Universal Declaration on Human Rights of 1948, G.A. Res. 217A (III), U.N. Doc. A/810 (Dec. 10, 1948), as bases for this cause of action.

For the reasons already detailed, Plaintiff's allegations related to § 181 cannot form the basis of a valid claim for recovery at this time. And, this Court lacks jurisdiction for claims arising under Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, or the

Universal Declaration of Human Rights. *See Pikulin v. United States*, 97 Fed. Cl. 71, 77–78 (Fed. Cl. 2011) (holding that the court lacked jurisdiction over pro se plaintiff's Fourteenth Amendment, Due Process Clause of the Fifth Amendment, and Universal Declaration of Human Rights claims). Thus, Plaintiff's third cause of action should also be dismissed for failure to state a claim.

### D.    Manning's Remaining Allegations Fail to State a Claim within the Court's Jurisdiction.

Finally, Plaintiff includes in his Complaint a scattershot list of legal authority which he accuses the United States of violating. These include the Patent Clause of the United States Constitution, Compl. at ¶ 19, the Leahy-Smith America Invents Act, the Patent Act of 1952, *id.* at ¶ 26, the Civil Rights Act of 1968, *id.*, and the California Business Professions Code section 17200, *id.* Plaintiff also accuses the United States of violating "Universe Security." Compl. at ¶ 33. While Plaintiff has not pled facts giving rise to claims under these sources, we note that all are beyond the jurisdiction of the Court regardless. For instance, the Court does not maintain jurisdiction to hear claims arising under the Fourteenth Amendment. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that claims under the due process clauses of the 5th and 14th Amendments, as well as the equal protection clause of the 14th Amendment are beyond the jurisdiction of the Court of Federal Claims). To the extent the Court can entertain claims under the 5th Amendment, such a claim would have to arise under the takings clause. However, here, the only takings alleged are related to Plaintiff's alleged intellectual property rights, specifically patent rights, which are governed exclusively by the statutory provisions in 28 U.S.C. § 1498(a) and 35 U.S.C. § 183. Insofar as the Leahy-Smith America Invents Act (the AIA) and the Patent Act of 1952 are concerned, the United States has not waived its sovereign immunity with respect to the causes of action embodied in either act, and therefore neither can

form the basis for a cause of action in this Court. *Cf. Zoltek v. United States*, 672 F.3d 1309,

1321 (Fed. Cir. 2012) ("The plain language of § 1498(a) indicates that § 1498(a) operates

independently from Title 35."). This Court also lacks jurisdiction to hear cases arising under the

Civil Rights Act of 1968, *see Searles v. United States*, 88 Fed. Cl. 801, 804 (Fed. Cl. 2009)

(holding that the court lacks jurisdiction over claims arising under the Civil Rights Act of 1968),

as well as claims arising out of state law, *cf.* 28 U.S.C. § 1491(a)(1) (providing Court of Federal

Claims with jurisdiction over claims founded on the Constitution or a federal statute or

regulation), such as the California Business Professions Code. As such, Manning cannot assert

claims under any of these statutes and provisions in this Court.

## CONCLUSION

While the Government understands that pro se litigants are not to be held to the same

pleading standards as parties represented by counsel, they are nonetheless still bound to plead

facts sufficient to state a claim upon which relief is legally possible. Here, Plaintiff has not pled

such facts. Moreover, because the factual allegations raised in Plaintiff's Complaint are so

fanciful as to be legally frivolous, the Court must deny Plaintiff's request to proceed *in forma*

*pauperis* and dismiss his Complaint under § 1915(e)(2)(B)(i).

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOHN FARGO
Director

Of Counsel:
GARY L. HAUSKEN
Department of Justice

BENJAMIN S. RICHARDS
Attorney
Civil Division
Department of Justice
Washington, DC  20530
E-mail: benjamin.s.richards@usdoj.gov
Telephone: (202) 353-0522
Facsimile: (202) 307-0345

Dated: September 3, 2015

Attorneys for the United States